UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANKLIN STAYANOFF AND JUDE HOLBROOK | ) ) ) |
| *Plaintiffs* | ) ) |
| vs. | ) Case No.: 3:16-CV-271 RLM ) |
| BIOMET, INC., *et al.*, | ) ) ) |
| *Defendants* | ) |

OPINION AND ORDER

Franklin Stayanoff and his spouse, Jude Holbrook, sued Biomet for damages in connection with the alleged failure of Mr. Stayanoff's Biomet M2a-38 hip implant. Biomet moved for summary judgment, arguing that the applicable statute of limitations bars their claims. For the following reasons, Biomet's summary judgment motion is denied with respect to all claims, except the breach of warranty claims.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). I must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the plaintiffs, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Biomet bears the burden of informing me of the basis for its motion, together with evidence

demonstrating the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If Biomet meets that burden, the plaintiffs can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." <u>Marr v. Bank of Am., N,A.</u>, 662 F.3d 963, 966 (7th Cir. 2011); see also <u>Hastings Mut. Ins. Co. v. LaFollette</u>, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

Franklin Stayanoff received two Biomet M2a-38 implants in North Carolina – one on March 8, 2005 (the right hip) and the other on June 20, 2005 (the left hip). After metal ion testing on January 21, 2013 showed elevated levels of cobalt, Mr. Stayanoff conducted internet research and discovered that the high cobalt levels could have resulted from grinding of metal against metal. On February 21, 2013, doctors told Mr. Stayanoff that an MRI showed fluid collection consistent with metallosis and recommended revision surgery. The first revision surgery was performed on March 12, 2013 (left hip) and the second on October 1, 2014 (right

2

hip). Mr. Stayanoff had a third revision surgery on the left hip on January 22, 2014, after the cup loosened. A fourth revision surgery was performed on December 15, 2015 on the right hip.

After the January 2014 revision, the surgeon told Mr. Stayanoff the revision device had failed because the metal from his Biomet M2a implant had so severely damaged his bone that the bone didn't grow into the revision device as intended.

"[S]ince federal jurisdiction is based on diversity of citizenship, the choice-of-law rules to be used are those choice-of-law rules of the states where the actions were originally filed," In re Air Crash Disaster Near Chicago, 644 F.2d 594, 610 (7th Cir. 1981), in this case, that state is North Carolina. Under North Carolina law, statutes of limitations are procedural, and so North Carolina courts apply North Carolina statutes of limitations, Boudreau v. Baughman, 368 S.E.2d 849, 857 (N.C. 1988), as will I.

In North Carolina, a personal injury plaintiff must file within three years of when the cause of action accrues. N.C. Gen. Stat. § 1-52(5). Under the discovery rule established in N.C. Gen. Stat. § 1-52(16), a personal injury cause of action accrues when the plaintiff discovers, or through the exercise of reasonable diligence should discover, the injury and that it may have been caused by a defendant's conduct. Birtha v. Stonemore, N.C., LLC, 727 S.E.2d 1, 7 (2012).

Biomet contends that the statute started to run in January 2013, when metal ion testing showed elevated levels of cobalt and Mr. Stayanoff ran an

3

internet search to identify the cause of the high levels. Mr. Stayanoff maintains that he didn't understand what caused his injury until 2014, when he learned from the second revision surgery that the release of metal ions caused the damage.

In simpler contexts, a plaintiff's knowledge that there's a problem is enough to start the limitations period. For example, knowledge that a roof leaks puts a plaintiff "on inquiry as to the nature and extent of the problem." <u>Pembee Mfg. Corp. v. Cape Fear Constr. Co.</u>, 329 S.E.2d 350, 354 (N.C. 1985). There's an obvious potential cause to a leaky roof – poor installation by the roofer. But medical claims often involve a more complex trigger. "Especially in the medical field, plaintiffs may lack the expertise to know whether the ill effects they have suffered are a result of someone's wrongdoing, or merely an unexpected result, or inevitable or unforeseeable risk of their treatment." <u>Black v. Littlejohn</u>, 325 S.E.2d 469, 481 (N.C. 1985). Revision surgery within months of a hip implant could, without additional information, mean medical malpractice, a problem with the device, an unpreventable infection, or any other "inevitable or unforeseeable risk of [ ] treatment." <u>Id</u>.

In medical situations, "[w]here causation of an injury is unknown, the action accrues when both the injury and its cause have been (or should have been) discovered. Where the injury and causation are known, but not that there has been any wrongdoing, the action is held to accrue when the plaintiff

4

discovered, or by due diligence should have discovered, the wrongdoing." Id. at 482 (italics omitted). In Black v. Littlejohn, the plaintiff received drastic surgery for an illness that, years later, she learned could have easily been treated with a drug. Id. The claim accrued only on discovery of the simpler procedure years later, which alerted her to her doctor's negligence. Id. Needing revision alone, even needing four revisions, might not be a strong enough clue of the wrongdoing.

Mr. Stayanoff might have known in February 21, 2013 that grinding on metal can cause high metal levels in the blood, and that his doctor was recommending revisions surgery because an MRI showed fluid collection "consistent with metallosis", but with the complexities of medical treatment, a genuine issue of fact exists as to whether Mr. Stayanoff had enough information in 2013 to put him on inquiry notice of any wrongdoing on Biomet's part relating to the failure of the device. Biomet's motion is therefore denied as to the product liability and related negligence claims (Counts 1-3 and 7-8).

Mr. Stayanoff's breach of warranty claims are subject to different provisions: a four-year limitations period that accrues "when tender of deliver is made", unless the warranty related to future performance, and accrues "regardless of the aggrieved party's lack of knowledge of the breach." N.C. Gen. Stat. §§ 25-2-725(1), (2); see Boudreau v. Baughman, 368 S.E.2d 849, 854 (N.C. 1988) (applying limitations period to implied warranty claims). "Tender of delivery" was the time

of the implants in March and June 2005. Those dates are more than ten years before Mr. Stayanoff filed his claims.

When the "warranty explicitly extend[ed] to future performance of the goods," discovery of the breach must await the time of such performance." N.C. Gen. Stat. § 25-2-725(2). Mr. Stayanoff alleged in his complaint that Biomet expressly warranted that the device was safe, effective, and would last longer than traditional metal-on-polyethylene implant. But he hasn't presented any evidence to support his claim that Biomet extended a warranty on future performance, or that Mr. Stayanoff relied on that warranty. Under the circumstances, his breach of warranty claims are time-barred, and Biomet is entitled to summary judgment on those claims (Counts 4-6).

Actions for fraud or misrepresentation under the UDTPA are also governed by a four-year statute of limitations, N.C. Gen. Stat. § 75-16.2, and "accrue[] either when the fraud or misrepresentation is discovered or should have been discovered with the exercise of 'reasonable diligence.'" Sebastion v. Davol, Inc., 2017 WL 3325744, at *1 (W.D.N.C. Aug. 3, 2017) (citing Dreamstreet Investments, Inc. v. MidCountry Bank, 842 F.3d 825, 830 (4th Cir. 2016) and Lawley v. Liberty Mutual Group, Inc., 2012 WL 4513622, at *7 (W.D.N.C. Sep. 28, 2012)). See also S.B. Simmons Landscaping & Excavating, Inc. v. Boggs, 665 S.E.2d 147, 150 (N.C. Ct. App. 2008); Hunter v. Guardian Life Ins. Co., 593 S.E.2d 595, 601 (N.C. App. 2004). Biomet's summary judgment motion clothes a motion to dismiss for

failure to state a claim on which relief can be granted: Biomet claims that Mr. Stayanoff's complaint doesn't plead the claimed fraud with the specificity required by Fed. R. Civ. P. 9(b). The complaint sets forth things Biomet is alleged to have said or omitted in communications with physicians, but it doesn't contain the "who, what, where" information Rule 9(b) requires. See, *e.g.*, Weidman v. Exxon Mobil Corp., 776 F.3d 214, 219 (4th Cir.2015).

But the inquiry at the summary judgment stage isn't whether the complaint is specific enough; the inquiry relates to whether a genuine issue of fact exists. Mr. Stayanoff argues that while he didn't know what Biomet was telling the world about its product, it's enough if Biomet made knowingly false statement to his doctors who relied on those statements in prescribing his course of treatment. He supports his motion with statements from Biomet. A summary judgment movant doesn't have to present evidence, but must point out for the court why the opponent must lose at trial on the existing record. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Biomet doesn't argue that Mr. Stayanoff can't prove fraud (through his surgeon), but rather looks only to the complaint. Biomet isn't entitled to summary judgment on that theory.

Co-plaintiff Jude Holbrooks's loss of consortium claim is derivative of Mr. Stayanoff's personal injury claims. Had the statute of limitations barred the underlying claims, the loss of consortium claim also would have been barred. Sloan v. Miller Bldg. Corp., 493 S.E.2d 460, 462 (N.C. App. 1997); Wall v. Stout,

311 S.E.2d 571, 583 (N.C. App. 1984). They weren't barred, so Biomet's motion for judgment on the loss of consortium claim (Count 11) is denied.

For the foregoing reasons, the court GRANTS Biomet's motion for summary judgment [Doc. No. 82] as to Mr. Stayanoff's breach of warranty claims (Counts 4-6), and DENIES its motion in all other respects.

SO ORDERED.

ENTERED:   December 14, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court
